**NORTON v. UNITED STATES.**
Civ. A. No. 440.

District Court, S. D. Texas,
Corpus Christi Division.
Oct. 3, 1947.

As Amended March 8, 1948.

Cannon, Pittman & Pope, of Corpus Christi, Texas, for plaintiff.

Brian S. Odem, U.S. Atty., and J. K. Smith, Asst. U.S. Atty., both of Houston, Texas, for defendant.

HANNAY, District Judge.

This case, tried before the Court, arises under the Tort Claims Act, 28 U.S.C.A. § 931, whereby the Government is sued for personal injuries to R. H. Norton.

The Government, in its answer, claims that plaintiff's injuries were caused by his own negligence, and that the injury he did sustain was not as severe as claimed by him, nor was his financial loss as great as he contends.

### Findings of Fact.

I find, as a fact, that on January 28, 1946, on Peoples Street, in Corpus Christi, Texas, at about dusk, or 6 p. m., a 1942 Ford automobile owned by the United States of America, and driven by its employee Evan W. Mahoney, while driving away from the Nueces Hotel, struck the plaintiff R. H. Norton, who, at the time of the occurrence in question, was 52 years of age. Said Mahoney had just mailed his official report, in his usual and customary manner, to the United States Government. It was drizzling rain, and had been for some time, and it was dark and foggy. The pavement on Peoples Street was wet and slippery.

Norton was, at the time of his injury, a real estate dealer in Corpus Christi, where he had lived for many years, and where he had been engaged in both the real estate and the insurance business. When the collision occurred, he was standing immediately behind his La Salle automobile, facing in the direction the car was headed, and attempting to pour gasoline into the gas tank of his said car, which had become stalled due to the lack of gasoline. The gas tank was on the left rear fender of the automobile. Both cars were on the right side of Peoples Street, headed in a westerly direction.

Plaintiff sustained a compound fracture of the lower third of his right thigh, which

injury was accompanied by pain and suffering. He was hospitalized on January 28, 1946, and remained in the hospital from that date until February 13, 1946. On the latter date he returned to his home. He was unable to do his regular work, but did do some work, from February 13, 1946, up to the time of the trial of this case.

I find that the injuries to plaintiff's right leg were severe, and that such injuries are permanent. As a result thereof, in addition to pain and suffering, he has sustained a diminishment in earning capacity, and such diminishment will continue for a long time in the future. I further find that he has sustained loss in the amount of profits he would have made during the time of his enforced absence from his place of business.

I find that at the time of the collision in question, said Mahoney failed to keep a proper lookout, and that he failed to sound his horn at the time he saw, or should have seen, plaintiff.

I further find that R. H. Norton, plaintiff herein, was guilty of no negligence that was the proximate cause of the collision in question.

I find that the occurrence in question was without any fault of plaintiff, and that same was caused by the negligence of defendant's driver.

I find that plaintiff, as a direct and proximate result of the negligence of defendant's driver, has sustained damages because of his personal injuries and loss of earnings, in the sum of $4,500.

I further find that plaintiff has employed the firm of Cannon, Pittman & Pope, attorneys, of Corpus Christi, Texas, to represent him in this matter, and that such attorneys have filed and prosecuted this suit. Such attorneys are entitled to receive a reasonable attorney's fee for their services, which I find to be the sum of $500, payable out of the total recovery of $4,500.

### Conclusions of Law.

I conclude, as a matter of law, that at the time of the collision in question, Evan W. Mahoney was acting in the course and scope of his employment, and in the furtherance of the business of the United States Government.

I find that said Evan W. Mahoney was negligent at said time, and that his negligence in failing to keep a proper lookout and in failing to sound his horn, is the proximate cause of the injury and resulting loss to plaintiff.

I further find that the accident in question was not an unavoidable accident.

I, therefore, find that plaintiff is entitled to recover his damages in the sum of $4,500, and that the sum of $500 be allowed from said recovery as attorney's fees, which amounts I find to be reasonable and fair.

The clerk will notify counsel.